**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL WESTERN LIFE INSURANCE COMPANY, <br> 10801 N. Mopac Expy., Bldg. 3 <br> Austin, TX  78759, <br><br> Plaintiff, <br><br> v. <br><br> THE TROMBLAY IRREVOCABLE HERITAGE TRUST dated March 25, 2020, <br> c/o Jeffrey Tromblay, Trustee <br> 4646 Belleview Ave. <br> Cincinnati, OH  45242, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. _____ <br><br> Judge _____ <br><br> Magistrate Judge _____ <br><br> **COMPLAINT** |

Plaintiff National Western Life Insurance Company ("NWL"), for its Complaint against Defendant The Tromblay Irrevocable Heritage Trust (the "Tromblay Trust"), alleges as follows:

## NATURE OF ACTION

1. Pursuant to Ohio Rev. Code Section 3911.06, this action seeks rescission of an individual life insurance policy issued by NWL on the life of Linda L. Tromblay ("Linda Tromblay"), deceased.

## PARTIES

2. NWL is a Colorado corporation with its principal place of business in Austin, Texas, and as such, it is a citizen of the States of Colorado and Texas.  NWL is a wholly owned subsidiary of National Western Life Group, Inc.  NWL offers a broad portfolio of life insurance and annuity products.

3. The Tromblay Trust is a heritage trust being administered by Trustee Jeffrey Tromblay ("Jeff Tromblay") in Cincinnati, Hamilton County, Ohio, and as such, it is a citizen of the State of Ohio.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Specifically, Linda Tromblay completed and signed her application for individual life insurance in Bellefontaine, Logan County, Ohio, which is within the Eastern Division of this judicial district.

## FACTUAL BACKGROUND

6. On or about March 25, 2020, at the age of 85, Linda Tromblay completed and signed an application for individual life insurance (the "Application") in Bellefontaine, Logan County, Ohio. A true and complete redacted copy of the Application is attached as Exhibit 1.

7. The Application sought a life insurance policy with a face amount of $188,205 (the "Policy"), with a $150,000 single premium paid by Linda Tromblay collected with the Application.

8. Section VIII of the Application asked various questions about Linda Tromblay's medical history. Section VIII states that, "If any question in Section VIII is answered yes, no coverage can be issued."

9. Question 9 in Section VIII asked Linda Tromblay, in pertinent part: have you ever "[b]een diagnosed by a member of the medical profession as having more than one occurrence or any metastasis of any cancer in your lifetime . . . ?"

10. Linda Tromblay checked "no" in response to Question 9.

11. The Application provides in pertinent part that:

Each of the undersigned [being Linda Tromblay and Todd White, an insurance agent with Golden Reserve, LLC]: Declares that all answers in this application are true and complete to the best of their knowledge and belief, and understands that: (a) all statements and answers in this application will be relied upon by [NWL] to determine insurability and to issue the policy; . . . (d) a material misrepresentation may void the policy during the contestable period.

12. The Application also included a fraud warning, stating in all capital letters that "ANY PERSON WHO KNOWINGLY PRESENTS A FALSE STATEMENT IN AN APPLICATION FOR INSURANCE MAY BE GUILTY OF A CRIMINAL OFFENSE AND SUBJECT TO PENALTIES UNDER STATE LAW."

13. Linda Tromblay, Jeff Tromblay, and Todd White signed the Application in Bellefontaine, Logan County, Ohio, on or about March 25, 2020.

14. Based on the Application, including the representation made in answer to Section VIII, Question 9, NWL issued the Policy (No. XXXXXX4731) on April 27, 2020. A true and complete copy of the Policy is attached as Exhibit 2.

15. The Tromblay Trust is the sole beneficiary of the Policy's death benefit.

16. The Policy included a two-year incontestability period following its issue date during which NWL reserved the right to investigate any information on the Application that may be deemed inaccurate or fraudulent. (*See* Ex. 2, at 16 ("Incontestability").)

17. Linda Tromblay died in Ohio on or about March 4, 2022, within the two-year incontestability period of the Policy. At the time of Linda Tromblay's death, the Policy's death benefit was $190,500.

18. NWL collected Linda Tromblay's medical records, which records revealed that Linda Tromblay was diagnosed by a member of the medical profession with breast cancer beginning at approximately age 47, with multiple recurrences thereafter. Accordingly, the truthful answer to Question 9 in Section VIII of the Application was: "yes."

19. NWL's underwriters have affirmed that the Policy would not have been issued had Question 9 in Section VIII of the Application been truthfully answered "yes."

## COUNT 1
## DECLARATORY JUDGMENT – RESCISSION OF POLICY NO. XXXXXX4731

20. NWL incorporates by reference the preceding paragraphs as if fully restated herein.

21. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Sec. 2201, and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining a question of actual controversy between the parties.

22. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the Policy.

23. NWL contends that because of the material fraudulent misrepresentations or omissions by Linda Tromblay on the Application, the Policy is void and of no force or effect since inception, and NWL never has nor ever could become liable to the Tromblay Trust under the Policy.

24. A declaration is necessary and appropriate at this time in order that NWL may ascertain whether the Policy is valid and, if so, what its rights and obligations are under it.

25. The false statements in the Application as set forth above were willfully false.

26. The false statements in the Application as set forth above were fraudulently made.

27. The false statements in the Application as set forth above were material.

28. The false statements in the Application as set forth above induced NWL to issue the Policy.

29. But for the false statements in the Application as set forth above, the Policy would not have been issued.

30. Neither NWL nor its agent, Todd White, had any knowledge of the falsity or fraud of the answer to Question 9 in Section VIII of the Application.

31. The Policy is therefore null and void, and the Tromblay Trust's right to cover upon the Policy is barred, pursuant to Ohio Rev. Code Sec. 3911.06.

32. NWL's undersigned counsel has asked Jeff Tromblay whether he, in his capacity as Trustee of the Tromblay Trust, will agree to rescission of the Policy and the return of the Policy premium (plus applicable interest), but Jeff Tromblay has not agreed as of the date of the filing of this Complaint.

WHEREFORE, Plaintiff National Western Life Insurance Company respectfully prays that:

A. The Court enter an Order stating that the Policy is rescinded; that the Policy is void *ab initio*; that the Policy is of no force and effect since its inception; and that the Tromblay Trust has no interest in the Policy, nor ever had an interest in the Policy;

B. The Tromblay Trust be ordered to surrender to NWL for cancellation the original and all copies of the Policy in its possession, custody and control;

C. The Court enter an Order requiring NWL to remit to the Clerk's registry the Policy premium of $150,000, less NWL's substantiated costs, including reasonable attorneys' fees

5

incurred in investigating the fraudulent misrepresentations or omissions, and for its costs and reasonable attorneys' fees incurred in prosecuting this action (collectively, the "Funds"), until such time as Linda Tromblay's estate may be opened and the Funds paid into Linda Tromblay's estate; and

      D.      The Court order such other and further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Jason T. Gerken*
Jason T. Gerken (0090562)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Telephone: 614.227.2058
Facsimile: 614.227.2100
Email: jgerken@porterwright.com

*Counsel for Plaintiff*

23378539v2

6